## 28411. REYNOLDS v. THE STATE.

NICHOLS, Justice. Larry Eugene Reynolds was tried and convicted on three counts of armed robbery and two counts of carrying a pistol illegally. Prior to trial a motion to suppress certain evidence was overruled and upon the trial of the issues made by the indictments the defendant was convicted. A motion for new trial was overruled and the present appeal filed. *Held:*

1. The trial court did not err in overruling the defendant's motion to suppress evidence obtained against the defendant, including lineup identification and evidence obtained as the result of a search with a warrant.

After armed robberies in December, 1972, and January, 1973, took place in Fulton County, Georgia, a DeKalb County investigator obtained information from an informant that the defendant and another had possession of jewelry, etc. obtained in the robbery of an elderly woman in Fulton County, Georgia. Subsequent investigation, including a photographic identification of the defendant by this victim, supported the information obtained from the informant and based upon such facts the search warrant was obtained and the evidence sought to be suppressed obtained. The search under the warrant was not illegal and the motion to suppress upon this ground was properly overruled. Compare *Campbell v. State,* 226 Ga. 883 (178 SE2d 257); *Summerville v. State,* 226 Ga. 854 (178 SE2d 162); *Pass v. State,* 227 Ga. 730 (182 SE2d 779).

Under decisions exemplified by *Griffin v. State,* 229 Ga. 165 (190 SE2d 61) and *Creamer v. State,* 229 Ga. 704 (194 SE2d 73), and cases there cited, the in-court identification was not so tainted by prior out-of-court identification as to require the exclusion of such evidence. Assuming but not deciding that the evidence

relied upon by the defendant to support this contention would authorize a jury to discredit the in-court identification, it would not require its exclusion from the jury's consideration.

2. During the course of voir dire examination of prospective jurors the defendant was precluded, upon objection from the state, from asking designated questions which sought to elicit the prospective jurors' understanding of the law. As was held in *Whitlock v. State,* 230 Ga. 700 (5) (198 SE2d 865), "The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review." See also *Hill v. State,* 221 Ga. 65 (8) (142 SE2d 909). The trial court did not err in limiting the voir dire examination to relevant questions.

3. Under the indictments here which charged the defendant with armed robbery a conviction of receiving stolen goods would not be authorized and it was not error to refuse to instruct the jury as to such lesser crimes as requested by the defendant. Compare *Plummer v. State,* 126 Ga. App. 482 (191 SE2d 333); and *Wells v. State,* 127 Ga. App. 109 (192 SE2d 567).

Nor was it error to refuse to charge in the exact language requested on circumstantial evidence where a correct charge on such subject was given the jury.

4. It was not error to give in the charge the instructions approved in *Aiken v. State,* 226 Ga. 840 (2) (178 SE2d 202).

5. A comment by the assistant district attorney, while arguing the case to the jury that the defendant made an unsworn statement is not a comment on his failure to be sworn as prohibited by the Act of 1962 (Ga. L. 1962, pp. 133, 134; Code Ann. § 38-415); *Massey v. State,* 226 Ga. 703 (177 SE2d 79).

6. The convictions upon the armed robbery counts were authorized by the evidence, and under decisions exemplified by *Ezzard v. State,* 229 Ga. 465 (3) (192 SE2d 374); *Johnson v. State,* 230 Ga. 196 (196 SE2d 385); and *Jackson v. State,* 230 Ga. 640 (198 SE2d 666), the verdicts of guilty upon the misdemeanor counts, in addition to the guilty verdicts as to the armed robbery counts, were not illegal.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 15, 1973 — DECIDED JANUARY 9, 1974.

*Louise T. Hornsby,* for appellant.

*Lewis R. Slaton, District Attorney, James H. Mobley, Jr., Morris H. Rosenberg, Carter Goode, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.