28918. GAINES v. THE STATE.

ARGUED JUNE 10, 1974— DECIDED SEPTEMBER 4, 1974 — REHEARING DENIED SEPTEMBER 13, 1974.

*Roberts & Roberts, Guy V. Roberts, Jr., Lawrence W. Roberts,* for appellant.

*Claude N. Morris, District Attorney, Arthur K. Bolton, Attorney General, Thomas P. Burke, Deputy Assistant Attorney General,* for appellee.

GRICE, Chief Justice.

Robert Allen Gaines, alias William James Wallace,

appeals from his conviction of murder and sentence of life imprisonment in the Superior Court of Sumter County, and from the denial of his motion for new trial.

■ The enumeration contending that the trial court erred in denying appellant's motion for new trial because the verdict was contrary to the evidence and strongly against the weight of the evidence is not sustained by the record.

The testimony of two eyewitnesses, Herschel Neely (or McNeely) and James Battle, showed that at approximately 2:50 a.m. on August 10, 1973, the appellant and the victim Samuel Merritt had a brief conversation on a street corner outside a cafe in Americus, Georgia; that the appellant left and Merritt was joined by Neely and Battle; that shortly thereafter the appellant walked back down the street and joined this group; that after a brief exchange with Merritt, the appellant pulled a gun from his belt and shot him in the chest; and that there had been no words or fighting between the two men prior to the shooting.

Eddie McGrady, a security officer, testified that he was sitting in his office close to where the shooting occurred and heard the shot; that he immediately opened his door and saw Merritt run by and fall to the ground approximately 15 feet away; that he saw the appellant and ordered him to halt, but he ran up the street; that he fired a warning shot in the air but the appellant kept on running and turned into the yard of Clarence Smith; that after going back and ascertaining that the police and an ambulance had been called for the victim he went to Clarence Smith's home; and that the appellant surrendered himself to him there and he then turned him over to Officer Hayes of the Americus Police Department.

Officer Hayes stated that after receiving a call to go to a shooting at North Lee Street he and several other officers found the victim Merritt; that after the body was removed he remained in the area looking for the person who had done the shooting; that his investigation led him to Clarence Smith's house and when he arrived Eddie McGrady had the appellant in custody; that he thereupon arrested the appellant and took him to police

headquarters where he was advised of his rights; that he immediately returned to Clarence Smith's house and received permission to search the premises; and that he found a pistol, subsequently identified and introduced in evidence, under a couch in the carport which was loaded with three live rounds and a spent shell.

In our view, the evidence amply supports a finding that the appellant shot Merritt in an unprovoked attack. Nor do the claims in regard to the angle of the bullet and the affidavit of a witness who did not testify at the trial show that there was an abuse of discretion in the denial of the motion for new trial. The testimony of the two eyewitnesses alone was sufficient to authorize the conviction.

■ Enumerations of error 1 and 2 complain that it was error to charge the jury that the only possible sentence the appellant could receive, if convicted, was life imprisonment and also error to fail to provide him a pre-sentence hearing.

We do not agree.

Code Ann. § 26-1101 (c) (Ga. L. 1968, pp. 1249, 1276) provides that "A person convicted of murder shall be punished by death or by imprisonment for life." The appellant was convicted of murder and the state properly did not seek the death penalty under the facts here. Therefore, since there was no other possible sentence to be imposed, a pre-sentence hearing as provided for in Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902; 1973, pp. 159, 161) was unnecessary.

Moreover, the instruction complained of when viewed in its totality merely directed the jury's attention to the sole issue, i.e., whether or not the appellant was guilty or innocent of the charge against him. The cases relied upon by the appellant are not in point here and he has in no way shown that he was harmed by the charge as given.

■ The third enumeration, that the court erred in failing to charge on the law of circumstantial evidence, is without merit.

Both Herschel Neely and James Battle were standing in close proximity to the appellant and the victim when the gun was fired and testified as eyewitnesses

to the shooting. An instruction on circumstantial evidence is required only when the case is totally dependent upon circumstantial evidence. *DePalma v. State,* 228 Ga. 272 (1) (185 SE2d 53); *Bryant v. State,* 229 Ga. 60 (1) (189 SE2d 435) and cits.

Clearly such a charge was not required here.

■ The assertion that the appellant was denied his constitutional rights by being placed in a one-man lineup at the scene of the crime and at the police station without the benefit of counsel is without substance.

The record does not show that any pre-trial identifications were made of the appellant by any of the witnesses who later identified him in court and no such evidence was introduced. Furthermore, the identifications of the appellant by Neely and Battle upon the trial were of an independent origin based upon their first hand observations rather than prior identifications and thus were not tainted by any alleged irregularities in a pre-trial lineup. *Carmichael v. State,* 228 Ga. 834 (1) (188 SE2d 495); *Reynolds v. State,* 231 Ga. 582 (1) (203 SE2d 214). Therefore they were properly not excluded here.

■ The fifth enumeration objects that the testimony of Eddie McGrady, that "some young lady said 'That's the one that shot him,' " was inadmissible as hearsay.

Rather, we conclude that this testimony was as to an overheard exclamation which was a part of the res gestae of the crime. McGrady testified that immediately after he heard the shot and saw Merritt lying on the ground an unidentified woman shouted, "That's the one that shot him"; that the appellant, who was the only one standing in the street, then fled despite McGrady's command to halt and firing of a warning shot; and that the woman's voice was loud enough for the appellant to have heard her. This was sufficient to satisfy the standards that the exclamation be contemporaneous, voluntary and made at a time which indicates the lack of deliberation and deception. Code § 38-305; *Robinson v. State,* 232 Ga. 123 (6) (205 SE2d 210); *Durham v. State,* 129 Ga. App. 5 (4) (198 SE2d 387).

■ The appellant's final contention, that he should have been given a new trial because he was denied the

effective assistance of counsel, is not valid.

This court has considered the criteria of effective assistance of counsel on occasions too numerous to cite. Despite the appellant's complaints as to the manner in which his trial was conducted, it is obvious here that the trial court did not abuse its discretion in denying his motion for new trial upon this ground. It is clear from the record that appellant's counsel chose to submit no evidence nor to have him testify in his own behalf, thus avoiding cross examination and requiring the state to prove each fact in the case against him. Having failed in that, he now assigns error on his attorney's not pursuing another strategy. There is nothing before this court, however, to show that the verdict of guilty of murder was not proper.

We find no error in the proceedings.

*Judgment affirmed. All the Justices concur.*