## 30412. SMITH v. THE STATE.

JORDAN, Justice.

The appellant Gary Smith was convicted of murder and sentenced to life imprisonment. His appeal asserts error (1) on the admission of a confession of the defendant; (2) in denying the defendant a continuance; (3) in denying the defendant three days notice of arraignment; (4) in removing three jurors from the jury list for cause; (5) in admitting a certain shotgun into evidence, and certain other alleged errors.

1. We have carefully reviewed the evidence and the verdict is amply authorized. The general grounds are without merit.

2. On June 14, 1974, the defendant made a statement to the investigating officers in which he stated that on June 1, 1974, he went to the home of the deceased and bought some beer from him, that he returned to the home of the deceased later in the afternoon armed with a .20-gauge shotgun, shot the defendant in the chest, and took from the residence two billfolds containing $77, two pistols, and a shotgun. At a Jackson v. Denno hearing the investigating officer testified that the defendant was fully advised of his constitutional rights prior to making the statement. At the hearing the defendant took the stand and admitted that he was advised of his rights prior to making the statement and that he looked over the statement and signed it; and that he was not threatened

nor promised a reward. Two weeks earlier he had advised the officers that he did not wish to make a statement. Under this evidence the court did not err in ruling that the statement was voluntarily, freely, and intelligently made.

3. Counsel was appointed for defendant two weeks before the date of the trial. Counsel received a copy of the indictment and a list of the witnesses on Monday, July 22, 1974, before the trial began on Thursday, July 25, 1974. A motion for continuance is addressed to the sound discretion of the trial judge, and the refusal to grant a continuance will not be disturbed unless it is shown that the trial judge abused this discretion. We find no abuse of such discretion under the facts of this case.

4. Defendant enumerates error in that he was not given at least three days notice of arraignment as provided by Code Ann. § 27-1401. The record shows that appellant's counsel was served with a copy of the indictment and notice of arraignment on Monday afternoon, July 22, 1974, and that the trial began on the morning of July 25, 1974. This complies with the three day notice as provided by the Code, even though a full 72 hours had not elapsed. The Code section is couched in the number of days and not the number of hours.

5. The record shows that three jurors were removed because of their objections to capital punishment. The appellant has no standing to complain since he did not in fact receive the death penalty. *Pless v. State*, 231 Ga. 228 (200 SE2d 897) (1973).

6. The trial court did not err in admitting into evidence a .20 gauge shotgun allegedly used by the defendant. It is uncontradicted that the cause of death was a shotgun blast from close range. A state's witness testified that he secured a .20 gauge shotgun and gave it to the appellant on the afternoon of the murder. The state's expert witness testified that the wadding in the deceased's body was from either a .16 or .20 gauge shotgun. *Johnson v. State*, 232 Ga. 61 (205 SE2d 190) (1974).

7. We have reviewed the remaining enumerations of error and find them without merit.

*Judgment affirmed. All the Justices concur, except*

*Gunter, J., who dissents.*

Submitted October 7, 1975 — Decided November 24, 1975.

*Jesse Coplan, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.