## 52642. ADAMS v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of voluntary manslaughter.

1. The trial judge erred in sustaining the state's objection to defense counsel's question of a prospective juror, ". . . do you think a person has a right to defend himself if he's being attacked or assaulted?" This was not such a technical legal question as would be inappropriately asked of or answered by a layman-juror. Cf. *Lundy v. State,* 130 Ga. App. 171 (2, a) (202 SE2d 536) and cits.; *Reynolds v. State,* 231 Ga. 582 (2) (203 SE2d 214) and cits.

2. It was error, under the circumstances, to permit the district attorney, after he claimed entrapment, to cross examine state's witness Gaines for impeachment purposes with regard to prior inconsistent statements made to the sheriff and tape recorded. "While the general rule is that a party cannot show entrapment unless the witness has made the contradictory statement to him or for the purpose of being communicated to him, an exception exists where the statement is made to a law enforcement agent and by him turned over to the persons conducting the trial on behalf of the State. *Sparks v. State,* 209 Ga. 250 (2) (71 SE2d 608)." *Cain v. State,* 113 Ga. App. 477, 481 (4) (148 SE2d 508). In the case sub judice, however, the district attorney waived his right to claim entrapment by failing to assert it when the witness first made the statements allegedly inconsistent with her prior statements. On the other hand, however, the defendant then waived his objection to the state's cross examination of its witness by failing to timely assert his objection. Thus, no reversible error has occurred and is not likely to recur on the new trial to which we hold the defendant to be entitled.

3. The judge charged the jury as follows: "Now, when witnesses appear and testify, they are presumed to speak the truth but if you find there is a conflict in the testimony, it would be your duty, as Jurors, to reconcile that conflict, if you can do so without imputing perjury to any person who has testified. However, if after

considering all of the evidence, you find it in conflict and cannot reconcile it, then it would become your duty as Jurors to adopt that testimony and evidence which to you is the most reasonable, the most probable and the most truthful." The appellant contends that the judge, by charging the jury as aforesaid, in effect instructed them that they might disbelieve uncontradictory testimony, and suggested to them that where the testimony of witnesses conflict in any particular, all of one must be received and all of the other must be rejected.

We disagree. "The presumption is that jurors are selected and drawn according to law. *Wheeler v. State,* 42 Ga. 306, i.e., 'upright and *intelligent.*' (Emphasis supplied.) Code § 59-106." *Guy v. State,* 138 Ga. App. 11, 14 (5) (225 SE2d 492). We do not believe that intelligent jurors would believe that they would have to either believe or disbelieve all of any witness' testimony, or that the charge complained of has such a connotation. Cf., *Patterson v. State,* 233 Ga. 724, 728 (5) (213 SE2d 612).

4. It was not error for the trial judge, in the absence of a written request, to fail to charge on the lesser crime of involuntary manslaughter included in the crime of murder charged in the indictment, regardless of whether the evidence would have authorized or demanded such a charge. *Smith v. State,* 236 Ga. 5, 10 (6) (222 SE2d 357) and cits.

5. The judge did not err, in the absence of a written request, in failing to charge the jury the provisions of Code Ann. §§ 26-903 (use of force in defense of habitation) and 26-904 (use of force in defense of property). The evidence showed that the decedent had already been in and left the habitation, and the defendant's own testimony indicated that he had shot the decedent after the latter had assaulted three women and then advanced on the defendant with a pistol and threatened to kill him.

6. It was reversible error to exclude proof that the deceased was a person of violent and turbulent character where it had been shown prima facie — by witness Gaines' testimony that the deceased had knocked three females to the ground then pointed his finger at the defendant and told him he was going to kill him — that the accused had

been assailed by the deceased and was honestly seeking to defend himself. *Robertson v. State,* 124 Ga. App. 119 (1) (183 SE2d 47) and cits. This error was not cured by the fact that the defendant was allowed to testify as to the deceased's bad reputation for violence; the jury would be justified in giving more weight to the state's witness Gaines' testimony than to the self-serving, uncorroborated testimony of the defendant.

7. No ruling is made on the enumerated error regarding the overruling of the general grounds of the motion for new trial, as the case is being reversed for reasons set forth in Divisions 1 and 6, and the evidence on the new trial may not be the same.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 21, 1976 — DECIDED
SEPTEMBER 28, 1976.

*Floyd M. Buford, Alfred D. Fears,* for appellant.
*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.