## 54817. CALLOWAY v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of kidnapping and rape. *Held:*

1. The court did not err in refusing to permit defense counsel to ask if prospective jurors recognized that a defendant is presumed innocent until proven guilty beyond a reasonable doubt. Technical legal questions in regard to the presumption of innocence are improper on voir dire. *Goughf v. State,* 232 Ga. 178, 181 (205 SE2d 844).

2. An investigating police officer testified that he accompanied the prosecutrix to an area where the rape was committed and he found tire tracks which he photographed and measured as to tread size and width; that the left rear tire track at the scene appeared to have been made by the vehicle owned by the defendant based on his measurements as to width and observations as to the amount of tread on this tire. An objection to this testimony on the ground that the witness was not shown to be an expert in tire comparison was overruled. The testimony was admissible under Code § 38-1708 as the witness gave facts on which his opinion was based. See *Munsford v. State,* 235 Ga. 38, 42 (218 SE2d 792).

3. On his arrest a knife was found in defendant's vehicle which was admitted over the objection that it had not been connected to the alleged crime. The victim had previously testified that when defendant originally accosted her, he pressed a sharp object against her back, announced that he had a knife, and threatened to cut her. This evidence was properly admitted.

4. The defendant by his evidence raised the defense of alibi. The court's charge on alibi was in substance in conformity with Code § 38-122 and the Supreme Court's

approved charge on alibi as outlined in *Patterson v. State,* 233 Ga. 724 (213 SE2d 612). It therefore was not burden-shifting and was free of any error.

5. The victim's testimony as to the rape was sufficiently corroborated by the independent evidence that she made a fresh complaint to her boyfriend and reported the incident to police shortly after the incident. *Burnett v. State,* 236 Ga. 597 (225 SE2d 28). The evidence authorized the conviction of both crimes. There was no error in denying the motion for directed verdict of acquittal.

6. The remaining enumerations are without merit and require no further elaboration.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED OCTOBER 31, 1977 — DECIDED JANUARY 4, 1978.

*George M. Stembridge, Jr.,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.

