## 34459. KYLES v. THE STATE.

NICHOLS, Chief Justice.

Donald Dawson Kyles was convicted of the murder of Lucinda Wingster and was sentenced to life imprisonment. He appeals. This court affirms.

Kyles questioned the victim, his fiancee, about an affair she had with another man. She responded that whatever she had done with the other man was her business. Kyles slapped her. She grabbed a butcher knife and Kyles stabbed her to death with it as they struggled.

1. He first enumerates as error the refusal of the trial court to allow him to ask a prospective juror the following question: "Do you think a person has the right to defend himself if he is being attacked or assaulted?" Self-defense was his sole defense. In *Adams v. State,* 139 Ga. App. 670 (1) (229 SE2d 142) (1976), the failure of the trial court to allow the identical question to be asked of a prospective juror was held to be error on the ground that the question was not such a technical legal question as would be inappropriately asked of or answered by a layman juror.

The conduct of the voir dire examination of prospective jurors is within the sound legal discretion of the trial court. Only in the event of manifest abuse of that discretion will the judgment of the trial court be upset upon review. *Reynolds v. State,* 231 Ga. 582, 583 (2) (203 SE2d 214) (1974); *Smith v. State,* 238 Ga. 146, 149 (5) (231 SE2d 757) (1977). This court is of the opinion that the trial court did not abuse its discretion by preventing the question from being asked. *Hart v. State,* 137 Ga. App. 644 (1) (224 SE2d 755) (1976). Anything to the contrary in

*Adams v. State,* supra, is disapproved and will not be followed.

2. His second and final enumeration of error complains of the refusal of the trial court to grant his motion for directed verdict premised upon his contention that the state had failed to carry its burden of proof of malice. He contends that the only testimony in the record of his relationship with the victim was that he loved her and was going to marry her in approximately two weeks.

The state's evidence indicated no element of mitigation or justification and was sufficient to establish malice beyond a reasonable doubt. The jury evidently chose to disregard Kyles' testimony that he acted in self-defense. *Fox v. State,* 238 Ga. 387, 388 (233 SE2d 341) (1977). The evidence was in conflict as to whether Kyles killed in self-defense. There is evidence to support the verdict. This enumeration of error is without merit. *Sims v. State,* 242 Ga. 256 (248 SE2d 651) (1978).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1979 — DECIDED APRIL 5, 1979 — REHEARING DENIED APRIL 17, 1979.

*Ashman & Zipperer, Ralph R. Lorberbaum,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Staff Assistant Attorney General,* for appellee.