## 34955. JOHNSON v. THE STATE.

Bowles, Justice.

Appellant, William Monroe Johnson, was indicted for the murder of Mike Wimpey. Following a jury trial, appellant was found guilty and sentenced to life imprisonment. Appellant's motion for new trial was overruled. This appeal follows.

From the evidence presented at trial the jury was authorized to find the following:

On October 13, 1978, Johnny Wimpey and two friends rode to the Krystal Restaurant in Dalton, Georgia. There Johnny saw his brother Mike, who came over and got into Johnny's car. A few minutes later, appellant drove up, parked his car next to them and began "cussing pretty loud." Appellant and Johnny got out of their cars.

Appellant, holding a gun in his hand, came over to Johnny. Johnny pulled a knife out of his pocket, but put it back without opening it. Mike Wimpey got out of the car and told appellant to put the gun down. Appellant placed the gun on the hood of a truck parked next to appellant's car. He then came over to Mike and they began to wrestle.

When the two separated, appellant walked over to his car and shouted, "I can kill you now. I've got my gun." Appellant then picked up his gun and shot Mike in the head. When next heard from, appellant was in Cleveland, Tennessee, where he was arrested at the home of his mother.

1. Appellant complains that the trial court erred in admitting testimony of GBI agent Charles Johnson, which he alleges was known to be false. The testimony was admitted to show appellant's flight from the scene following the shooting.

We find no error. The state presented testimony of Agent Johnson to the effect that he received a report three hours after the crime that appellant's car had been located in Cleveland, Tennessee. Appellant presented no evidence to show that Agent Johnson knew of appellant's whereabouts prior to receiving the telephone report about which he testified. The evidence showed appellant did leave the scene immediately following the homicide. These facts created an issue for the jury as to whether

appellant's departure from the scene was justified, or whether it was evidence tending to show his guilt. The jury was properly charged on the issue of flight.

2. Appellant contends that the trial court erred in sustaining the district attorney's objection to a voir dire question on the grounds that it was a "technical, legal matter." The question asked by appellant's counsel was, "Is there anyone here who disagrees with the principle of law that says a person is justified in killing another human if he believes that he is in actual danger of being seriously injured or killed?"

We recently upheld the trial judge's refusal to allow a similar voir dire question, of identical import, in *Kyles v. State,* 243 Ga. 490 (255 SE2d 10) (1979): "The conduct of the voir dire examination of prospective jurors is within the sound legal discretion of the trial court. Only in the event of manifest abuse of that discretion will the judgment of the trial court be upset upon review. [Cits.]" We find no error in refusing to allow the question. The case relied on by appellant in support of his position, *Adams v. State,* 139 Ga. App. 670 (1) (229 SE2d 142) (1976), was disapproved in *Kyles,* supra.

3. Appellant complains that it was error to withhold from the jury an impeaching written statement, which had been properly introduced into evidence. The statement was taken by appellant's counsel and was that of a defense witness who testified at trial. Appellant's counsel contended that the testimony at trial was inconsistent with the written statement he obtained earlier. The trial court allowed appellant to question the witness about the written statement, marked the statement as an exhibit and allowed it to be read in open court. The district attorney objected to the statement being sent out with the jury to be used in deliberations. The objection was sustained by the trial judge.

We find no error. The written statement was not admitted as original evidence, but for the purpose of impeaching the witness at trial. It was not admitted to show that the facts contained therein were true. Written documents, such as this statement, that substitute for testimony may not be taken into the jury room when the jury retires. *Royals v. State,* 208 Ga. 78 (65 SE2d 158)

(1951); *Shedden v. Stiles,* 121 Ga. 637 (49 SE 719) (1905).

If the prior contradictory statement was a successful impeachment attempt, the effect was to eliminate the testimony of the witness from the case. The substantive facts contained in the document, in and of themselves, would have no probative value. *Henry Grady Hotel v. Grady Motors,* 96 Ga. App. 416 (100 SE2d 125) (1957) and cits. To allow the allegedly impeaching statement to go to the jury room when the oral testimony of the witness would not, could permit undue weight to be given to its content as probative evidence when not otherwise introduced for that purpose. The trial judge was correct in ruling that the written statement was not allowed in the jury room.

4. Appellant complains that the trial court erred in failing to grant his motion for new trial on the ground that appellant's impeachment witness failed to appear at trial because of threats from prosecution witnesses.

In considering all applications for new trial made on extraordinary grounds, the trial judge is vested with sound legal discretion. Code Ann. § 70-208; *Kitchens v. State,* 228 Ga. 624 (4) (187 SE2d 268) (1972). The judge in this case, after reviewing the evidence and affidavits presented to him, refused to grant appellant a new trial. On appeal, we find no abuse of discretion and no grounds for reversal. (See *Hackney v. State,* 233 Ga. 416 (10) (211 SE2d 714) (1975) where we held that it was not error to refuse the grant of a new trial where the only effect of newly discovered evidence was to impeach a witness).

5. Appellant objected to the rebuttal testimony of a state's witness on the ground that its prejudicial effect outweighed its probative value. Appellant testified at trial that he gained knowledge that the car he was driving had a weapon in it only thirty minutes before the murder. Ricky Beardon testified that he saw appellant leaving a house with a weapon forty-five minutes to an hour before the murder, and had seen appellant with a similar weapon two weeks earlier. We find no error in admitting the testimony.

6. Appellant complains that the trial court erred in failing to grant his motion for new trial on the ground that perjured testimony had been used at the preliminary

hearing. The alleged perjured testimony was not used at trial. Appellant has not demonstrated that the testimony contributed to his conviction. We find no abuse of discretion in the judge's refusing to grant appellant's motion for new trial.

7. Appellant complains that the court erred in failing to conduct an in camera inspection of the state's files. The state contends that its entire file, absent work product, was turned over to appellant's counsel prior to trial, negating any need for an in camera inspection by the court.

The specific information appellant alleges would have helped in his defense was knowledge that a key witness of the state, Johnny Wimpey, had been picked up on bench warrant prior to trial. This information was obtainable from public records by appellant, who knew Wimpey was expected to be called as a witness. The state was not required to gather this type of information in its files to aid in appellant's defense. *Fouts v. State,* 240 Ga. 39 (5) (239 SE2d 366) (1977). We find no merit to appellant's enumeration of error.

8. Appellant objected to testimony of the state's ballistic expert. The expert testified that tests run on the gun obtained from the home of appellant's mother had been inconclusive. Appellant has failed to demonstrate how the testimony was harmful to him at trial. *Washington v. State,* 243 Ga. 329 (3) (253 SE2d 719) (1979). Therefore, we find no error in its admission.

9. Appellant contends that because no issue was made as to the cause of death, it was error to admit into evidence photographs of the deceased. The court did not err in allowing the admission of photographs depicting the victim shortly after his murder. *Mooney v. State,* 243 Ga. 373, 394 (254 SE2d 337) (1979). *Lamb v. State,* 241 Ga. 10 (2) (243 SE2d 59) (1978).

Finding no reversible error presented on appeal, we affirm the verdict and judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

Argued June 11, 1979 — Decided September 7, 1979 — Rehearing denied September 25, 1979.

*William Earl. Glisson,* for appellant.

*Charles A. Pannell, Jr., District Attorney, Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellee.