## 61662. GRIGGS v. THE STATE.

POPE, Judge.

Clarence Angelo Griggs was convicted of robbery following a bench trial. On appeal he contends that the trial court erred in denying his motion for new trial because (1) he did not intelligently waive his right to a trial by jury and (2) he was denied effective assistance of counsel.

1. Appellant contends that the transcript shows that he wanted a jury trial but his counsel at trial did not. Appellant submitted an affidavit in support of his motion for new trial to the effect that his trial counsel persuaded him to go to trial without the intervention of a jury contrary to his wishes. Appellant's trial counsel submitted an affidavit to the contrary. The transcript shows that after the state had announced to the trial court that appellant's trial counsel had waived a jury trial, the following inquiry transpired: "The Court: Mr. Griggs, do you have any reservations about trying this case before the Court without a jury? The Defendant: Yes, sir. The Court: All right, we will get a jury. [Defense Counsel]: Your Honor, he didn't understand. The Court: Do you have any reservations about trying this case before me without a jury? The Defendant: No. The Court:

Do you understand that under the Constitution you are entitled to a jury trial? The Defendant: Right. The Court: And are you freely and voluntarily giving up this right to a jury trial? The Defendant: Yes. The Court: Now, you understand if you want a jury trial, that we will have one for you? Do you understand that? The Defendant: Yes, sir. The Court: But you want to go ahead without one, is that right? The Defendant: Yes, sir."

Appellant suggests that a better procedure would have been for the trial court to first determine whether he understood his constitutional rights and then determine whether he freely and voluntarily waived his right to a jury trial. " 'Although a jury trial may constitutionally be waived, the defendant must personally and intelligently participate in the waiver. [Cit.] However, defendant's consent need not be in a particular, ritualistic form. . . Since form is unimportant, the only real issue is whether (appellant) intelligently agreed to a trial without jury in this case.' " *Johnson v. State,* 157 Ga. App. 155 (1) (276 SE2d 667) (1981), citing Little v. Smith, 347 FSupp. 427, 428 (N. D. Ga. 1971). The evidence at trial showed that appellant expressly and intelligently waived his right to a jury trial. The record does not disclose any attempt by appellant to withdraw his waiver. *Fleming v. State,* 139 Ga. App. 849 (2) (229 SE2d 800) (1976). "If the Court thought proper, in the exercise of its judgment, to give more weight and credit to the statement contained in the affidavit of [appellant's trial counsel], when taken in connection with the proceedings had at the trial, apparent on the face of the record then before the Court, than to the statements contained in the other affidavits, it was its province to do so, and this Court cannot say that there was not sufficient evidence to support that judgment, and will not, therefore, interfere with it." *Massey v. Allen,* 48 Ga. 21, 23 (1873); Code Ann. § 70-208.

2. Appellant also contends that the trial court erred in denying his motion for new trial on the ground that he was denied effective assistance of counsel because he was not permitted to testify in his own behalf; his defense at trial was alibi. Appellant argues that if he had been permitted to testify, his alibi would have effectively established his innocence. In his affidavit appellant asserted that he was told by his trial counsel not to testify; in her affidavit in response, his trial counsel avers that appellant was offered the opportunity but elected not to testify. The trial transcript discloses that several witnesses testified as to appellant's presence at home when the robbery was alleged to have occurred.

"In considering all applications for new trial made on extraordinary grounds, the trial judge is vested with sound legal discretion. [Cits.] The judge in this case, after reviewing the evidence

and affidavits presented to him, refused to grant appellant a new trial. On appeal, we find no abuse of discretion and no grounds for reversal." *Johnson v. State,* 244 Ga. 295, 297 (260 SE2d 23) (1979); *Gaines v. State,* 232 Ga. 727 (6) (208 SE2d 798) (1974).

Judgment affirmed. *Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JULY 9, 1981.

*Stanley H. Nylen,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. T. Jones, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.