## 39349. SMITH v. THE STATE.

SMITH, Justice.

Lamar Smith was found guilty of murder by a jury in September 1981 and sentenced to life imprisonment. He now appeals the denial of his motion for new trial. The sole question presented by this appeal is whether the purely circumstantial evidence was sufficient as a matter of law to prove Smith's guilt beyond a reasonable doubt. It was and we affirm.

John R. Brickle, the victim, owned a small business in Martinez, Georgia. It was his habit to carry his daily receipts home each evening in a red tackle "cash" box from his store. When he did not open his business as usual on January 24, 1981, his mother went to his home and found him on the kitchen floor with a fatal gunshot wound to the forehead. Police found evidence that a door to the house had been forced open and two spent bullets, a wad-cutter type and a conventional lead type, were recovered. A second lead bullet, .38 caliber, was taken from Brickle's body. An expert testified that the victim died as a result of a gunshot wound to the head.

Two witnesses saw a man they later identified as Smith run by their car carrying a fishing tackle box from the direction of Brickle's house at about 8:30 p.m. the evening before Brickle's body was found. He ran to a car that the witnesses later separately identified when police found it parked in Smith's driveway.

Another witness testified that Smith borrowed his .38 caliber Charter Arms pistol at about 8:00 p.m. on the evening of the murder. At approximately 10:30 p.m., Smith and the witness met again, but Smith stated that he had disposed of the gun and could not return it. Instead he paid the witness $140 in cash. The witness also testified that the gun contained three bullets, both conventional lead and wad-cutter types (although he did not know how many of each), when he gave it to Smith. State crime laboratory experts testified that the land and groove structures on the conventional lead and wad-cutter type bullets removed from Brickle and his house were consistent with those marked by firing from a .38 caliber Charter Arms pistol.

A third witness testified that on the Saturday morning when Brickle was discovered dead, he was at Smith's sister's home and heard Smith say that "the box wasn't worth going after," and that he "didn't know if he killed him or not, that he just run." Other witnesses testified that Smith or his wife were customers of Brickle and that Smith was familiar with Brickle's store. Smith testified in his own defense and denied ever killing anyone.

In his only enumeration of error Smith contends that the evidence was purely circumstantial and insufficient as a matter of law

to show his guilt beyond a reasonable doubt. OCGA § 24-4-6 (Code Ann. § 38-109) provides that to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. The record shows that the jury was properly charged pursuant to this statute and cases interpreting it. *Gaines v. State,* 232 Ga. 727 (208 SE2d 798) (1974).

It is the rule in Georgia that in review of a criminal conviction, the evidence is viewed in a light favorable to the verdict. *Fleming v. State,* 236 Ga. 434 (224 SE2d 15) (1976). The evidence in this case according to our standards and to those set out in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is sufficient to authorize a rational jury to find Smith guilty of murder beyond a reasonable doubt.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 16, 1983.

*Flanagan & Neely, Douglas J. Flanagan,* for appellant.

*D. Gregory Weddle, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General,* for appellee.