### 68448. PARKER et al. v. THE STATE.
(323 SE2d 826)

BENHAM, Judge.

Appellants are brothers who were indicted for murder in connection with the death of Steven Massingill and found guilty of voluntary manslaughter. A third Parker brother, Avril, was acquitted.

1. Appellant Charles Parker contends that the trial court erred when it failed to direct a verdict of acquittal in his favor. At trial, the State presented evidence that the victim and appellant Harold Parker were fighting outside a Gordon County bar when Charles Parker stabbed the victim several times. Massingill later died from extensive internal bleeding caused by a gunshot wound Harold inflicted upon him. After the fatal shot was fired, Harold and Charles fled from the scene in Charles' car and were quickly apprehended.

Charles argues that he should have been acquitted because there is no evidence that he inflicted the fatal gunshot upon Massingill. However, the pathologist testified that Massingill's stab wounds, if suffered prior to the gunshot wound, would have contributed to the

irreversible shock which resulted in his death. At least one eyewitness testified that the victim was stabbed by Charles before he was shot by Harold. It must also be remembered that Charles fled the scene of the fatal fight upon the arrival of the police.

"The trial court's refusal to direct a verdict of acquittal is error only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. [Cits.]" *Sims v. State*, 242 Ga. 256 (1) (248 SE2d 651) (1978). The denial of a motion for directed verdict of acquittal is reversible error only when the evidence demands a verdict of not guilty. *Meade v. State*, 165 Ga. App. 556 (2) (301 SE2d 912) (1983). That not being the situation in the case at bar, the trial court did not err in denying the motion for directed verdict of acquittal.

2. During voir dire, counsel for appellants was not permitted to ask the potential jurors if they were conscientiously opposed to the defense of self-defense. The trial court sustained the objection on the ground that it was a technical legal question. Citing *Adams v. State*, 139 Ga. App. 670 (1) (229 SE2d 142) (1976), appellants maintain that the trial court's action was error. However, the holding in *Adams* upon which appellants rely has been disapproved by the Supreme Court in *Kyles v. State*, 243 Ga. 490 (1) (255 SE2d 10) (1979). There, the court said: "The conduct of the voir dire examination of prospective jurors is within the sound legal discretion of the trial court. Only in the event of manifest abuse of that discretion will the judgment of the trial court be upset upon review. [Cits.] This court is of the opinion that the trial court did not abuse its discretion by preventing the question from being asked. [Cit.] Anything to the contrary in *Adams v. State*, supra, is disapproved and will not be followed."

3. Appellants next cite as error the trial court's admission of a photograph of the deceased victim, which photo, appellants contend, depicts an autopsy incision. See *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983). However, the pathologist testified that the incision was one made by hospital emergency room personnel in an effort to save the victim's life. Thus, the photograph is not one "which depicts the victim after autopsy incisions are made or after the state of the body is changed by authorities or the pathologist . . ." (*Brown v. State*, supra), and it was not error to admit it into evidence.

4. Appellants unsuccessfully sought the suppression of a wooden stick discovered in appellant's car pursuant to a search incident to their arrests. If the arrest was legal, the search was also within the confines of the law. See New York v. Belton, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981); *State v. Hopkins*, 163 Ga. App. 141 (293 SE2d 529) (1982). We focus, therefore, on the legality of the warrantless arrest.

At the motion to suppress hearing, the arresting officers testified

that their fellow officers who had responded to the "fight" call at the bar radioed them to stop a car which was leaving the northern exit of the bar's parking lot because the occupants had been involved in the incident. The arresting officers followed the only vehicle which, almost simultaneously with the radio broadcast, emerged from the bar's parking lot. Shortly thereafter, the officers stopped the vehicle, arrested Charles Parker, and searched his car. Harold, who had fled from the car when it pulled over, was apprehended a short time later.

OCGA § 17-4-20 (a) permits a warrantless arrest by a law enforcement officer if, among other things, the offender is endeavoring to escape. The arresting officer is authorized to act upon the information supplied to him by his fellow officer. *Knighton v. State*, 166 Ga. App. 390 (304 SE2d 512) (1983). Under the facts of this case, the arresting officers were authorized to carry out a warrantless arrest.

5. Appellants also take issue with the admission into evidence of a shirt identified as that of the victim. At trial, appellants voiced a chain of custody objection to the admission of the shirt. No other ground will be treated on appeal. *Carroll v. State*, 155 Ga. App. 514 (3) (271 SE2d 650) (1980).

"Items of evidence which are distinct and recognizable physical objects are admissible in evidence without the necessity for showing the chain of custody. [Cits.]" *Hurt v. State*, 239 Ga. 665 (7) (238 SE2d 542) (1977). "Unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. [Cits.]" *Williams v. State*, 153 Ga. App. 890 (1) (267 SE2d 305) (1980). Applying this rule in the instant case, the victim's shirt was sufficiently identified to allow its admission into evidence without a further showing of the chain of custody.

6. Appellants take issue with the sufficiency of the evidence by attacking the credibility of various witnesses. "Issues regarding credibility of witnesses must be resolved solely by the jury. [Cits.] . . . While the jury can and must weigh and analyze the evidence, an appellate court is restricted to a determination of the sufficiency of the evidence. [Cit.] The evidence here is clearly sufficient to support the verdict[s] and our review of the entire record compels the conclusion that a rational trior of fact could reasonably have found from the evidence proof of the guilt of appellant[s] beyond a reasonable doubt. [Cits.]" *Redd v. State*, 154 Ga. App. 373 (1) (268 SE2d 423) (1980).

7. Appellants contend that the trial court erroneously permitted the state to lead one of its witnesses on two occasions. "A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error. [Cits.]" *English v. State*, 234 Ga. 602 (2) (216 SE2d 851) (1975). OCGA § 24-9-63 gives the trial court the discretion to permit leading questions of one's own witness when, "from

the conduct of the witness or other reason, justice shall require it." The witness having testified that he suffered from a speech impediment, it was not an abuse of the trial court's discretion to permit the one instance of leading. See *Hayslip v. State*, 154 Ga. App. 835 (2) (270 SE2d 61) (1980).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 25, 1984 —

*Floyd H. Farless*, for appellants.
*Darrell E. Wilson, District Attorney*, for appellee.