72607. PETTY v. THE STATE.
(347 SE2d 663)

Banke, Chief Judge.

The defendant, Grady Petty, was convicted of aggravated assault, based on an indictment charging that he had wounded the victim, Carl Smith, with a knife. *Held*:

1. The trial court did not abuse its discretion in refusing to permit defense counsel to ask the prospective jurors if they believed in the right of self-defense. See *Kyles v. State*, 243 Ga. 490 (1) (255 SE2d 10) (1979); *Parker v. State*, 172 Ga. App. 540 (323 SE2d 826) (1984).

2. During voir dire, defense counsel asked the prospective jurors whether any of them had ever been the victim of a crime. One man answered that his store or home had been burglarized six times "by some of your best clients," whereupon the defendant moved for a continuance to obtain a new panel, or in the alternative, for a mistrial. As to the latter, the defendant now concedes that, since the jury had not yet been sworn, mistrial was not a viable remedy. See *Shaw v. State*, 239 Ga. 690 (1) (238 SE2d 434) (1977).

"All applications for continuance are addressed to the sound discretion of the court and shall be granted or refused as the ends of justice may require. [Cits.] A ruling by the trial court on such a motion may be disturbed on appeal only if there has been an abuse of discretion. *Smith v. State*, 235 Ga. 620 (221 SE2d 41) (1975)." *Shaw v. State*, supra at 692.

In denying the defendant's motion, the trial court expressed the belief that the prospective juror's inappropriate comment would have no effect on the ability of the remaining panel members to be fair and impartial if selected. It does not appear that any of them were questioned on the issue so as to provide evidence to the contrary. Under the circumstances, we find no abuse of the trial court's discretion.

3. The defendant was allowed to testify that the victim had been smoking a greenish substance "that looked like old crushed up Kudzu . . . , rolled up in an old cigarette leaf or something." He testified that after smoking this substance, which had "a heck of an odor to it," the victim had acted crazy and wild. He enumerates as error the court's ruling prohibiting him from offering the opinion that the substance was marijuana.

"Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor. If the issue shall be as to the existence of a fact, the opinions of witnesses shall be generally inadmissible." OCGA § 24-9-65. See also *Calloway v. State*, 144 Ga. App. 457 (2) (241 SE2d 575) (1978). Since the defendant testified that he himself had never smoked marijuana and was unable to provide any other basis for his opinion that the substance was marijuana, the trial court did not err in excluding it. Moreover, even assuming that the testimony was improperly excluded, its exclusion must be considered harmless in view of the fact that the defendant was allowed to testify that the victim had acted wild and crazy and had attacked him after having smoked the greenish, foul-smelling substance.

4. Because the assault was committed with a knife, the trial court properly refused to instruct the jury that simple assault was a lesser included offense. "Where the assault is committed with [a deadly weapon], simple assault is not a 'lesser included offense.' [OCGA § 16-5-21], *Hightower v. State*, 137 Ga. App. 790, 791 (6) (224 SE2d 842); *Harper v. State*, 127 Ga. App. 359, 360 (3) (193 SE2d 259)." *Zachery v. State*, 158 Ga. App. 448 (280 SE2d 860) (1981).

5. The evidence presented was sufficient to enable any rational trier of fact to find the defendant guilty of aggravated assault beyond a reasonable doubt. See generally *Parker v. State*, 161 Ga. App. 478 (288 SE2d 297) (1982).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 2, 1986 —
REHEARING DENIED JULY 15, 1986.

*William A. Fears, Alfred D. Fears, William P. Bartles*, for appellant.

*E. Byron Smith, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.