DECIDED MARCH 30, 1998.

*Billy M. Grantham*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.

## A98A0339. McCOY v. THE STATE.
### (500 SE2d 611)

ELDRIDGE, Judge.

Bruce McCoy appeals a Ben Hill County jury's verdict finding him guilty of violating the Georgia Controlled Substances Act, OCGA § 16-13-31 (a) (1), trafficking in cocaine. We affirm.

1. In his first four enumerations of error, appellant challenges the sufficiency of the evidence introduced against him. Viewed in a light most favorable to the verdict, the evidence shows that drug investigators from the Ben Hill County Sheriff's Office were provided with information from a reliable informant that placed the officers on the lookout for a green Ford rental car being driven by a man named Kelvin Wright. The officers spotted a car matching the given description and followed it into the Uptown Motel parking lot in Fitzgerald, Georgia. As the officers approached the vehicle, it took off from the parking lot. The officers gave chase, following the green Ford in a circuitous route that went past the old Third Ward School on Sheridan Street. The car finally stopped close by the Uptown Motel, where the chase had begun. Kelvin Wright was driving the car, William Holt was in the front passenger's seat, and appellant Bruce McCoy was sitting alone in the back seat directly behind Wright.

Based upon the information provided by the informant and upon the newly casual attitude of the occupants of the car, the officers retraced the route the chase had taken; they found four plastic bags of crack cocaine abandoned on the side of the road near the school. The total weight of the drugs was 57.2 grams.

In addition to presenting the officers' testimony, the state called as a witness a woman who happened to be driving by the school at the time of the chase. She testified that she saw a person in the back seat of a green Ford that was being chased by a police car throw items out of the car window; she testified that the items landed in the ditch near the school. The drugs were found in the ditch near the school. Also, the state called co-defendant William Holt to testify at appellant's trial. Holt testified that he was sitting in the front passenger seat of the green Ford during the chase; that appellant was sitting alone in the back seat; and that he saw appellant throw drugs out of the window of the car near the old school on Sheridan Street.

Accordingly, we find the evidence sufficient for a rational trier of fact to have found appellant guilty beyond a reasonable doubt of the offense as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his last enumeration of error, appellant contends that the trial court committed reversible error by sustaining an objection to appellant's general question on voir dire wherein he asked the jurors, "Now, what I'm getting down to here is: are there any of you that have a general belief or value that if someone is charged, that they must be guilty? You know, kind of the thought that, well, you know, where there's smoke, there's fire; that type of thing. The Judge, I believe, has already charged you or will charge you later on that a person comes into a criminal trial like this, the law presumes they are innocent. Do any of you have any problem or does that bother you; I mean, just your personal feelings? I'm not saying it's good or bad, but your personal feelings in that area."

"While a defendant in a criminal case has an absolute right to have prospective jurors questioned as to those matters specified in OCGA § 15-12-133, control of voir dire examination is within the sound legal discretion of the trial court, and the appellate courts should not interfere unless it is shown to have been manifestly abused. [Cits.]" *Lawton v. State*, 191 Ga. App. 116, 118 (381 SE2d 106) (1989). In this case, we do not find error in sustaining objection to the question as posed, because the question, confusing and overly broad as it was, appeared to ask for an opinion as to a matter of law. "The Supreme Court has repeatedly upheld the discretion of the trial court to restrict voir dire to questions dealing directly with the *specific case*, and to prohibit overly broad questions." (Citations and punctuation omitted; emphasis supplied.) *Williams v. State*, 165 Ga. App. 69, 70 (2) (299 SE2d 402) (1983). Moreover, questions calling for an opinion by a juror on matters of law are improper. See id.; *Hunter v. State*, 170 Ga. App. 356 (1) (317 SE2d 332) (1984); *Petty v. State*, 179 Ga. App. 767 (1) (347 SE2d 663) (1986). The prohibited question was not phrased or designed so as to elicit or reveal any actual bias or prejudice against *appellant* or any interest in the cause. *Bennett v. State*, 153 Ga. App. 21, 26 (III) (264 SE2d 516) (1980). Accordingly, the trial court did not err in refusing to allow the question to be answered.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 30, 1998.

*David E. Morgan III*, for appellant.

*John C. Pridgen, District Attorney, Kathryn O. Fallin, Assistant District Attorney*, for appellee.