### 27836. BRYANT v. THE STATE.

SUBMITTED APRIL 4, 1973 — DECIDED MAY 10, 1973.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*Lewis R. Slaton, District Attorney, Dennis S. Mackin, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Harold N. Hill, Jr., Deputy Assistant Attorney General, B. Dean Grindle,* for appellee.

MOBLEY, Chief Justice. The appellant was convicted of murder and sentenced to life imprisonment. From that judgment and sentence he appealed.

The appellant's counsel in his brief agrees that the only question presented is whether the evidence was sufficient to support the conviction of murder.

D. Herman Bryant (appellant) and his family, and the

deceased, Marvin Lee White, and his family, lived in the same apartment building and were friendly and visited each other.

During the afternoon and evening of September 30, 1972, the following occurred: Marvin White's wife accompanied Herman Bryant and his family when he drove his mother and stepfather to their home after a visit at Bryant's home. While visiting there, Bryant and the wife of Marvin White drove off to get some gas. They were gone more than an hour though the gas station was just on the next street. During the absence of Mrs. White and Bryant, White appeared at the home of Bryant's mother and threatened to kill Bryant. On Bryant's arrival at his mother's home he was informed of the threat by White.

Bryant went to a cousin's home and got a shotgun. He then returned to the apartment building, went to the White apartment and inquired of White's brother-in-law, Will Davis, as to the whereabouts of White. As the brother-in-law went to locate White, who was in a back bedroom of his apartment, Bryant followed him. Bryant had his shotgun, and the victim, White, also had a shotgun, which was pointed toward the floor. Bryant had his shotgun pointed toward White, and Will Davis was standing between them. White pushed Davis out of the way and Bryant fired his shotgun into the chest of White, and as White fell he (White) fired his gun into the floor.

The appellant contends that at most the evidence discloses that he and the deceased were engaged in mutual combat, and that the evidence did not support a conviction of murder. The court charged on murder and on mutual combat, and the jury found him guilty of murder, which the evidence fully supported.

*Judgment affirmed. All the Justices concur.*