50157. STARR v. THE STATE.

EVANS, Judge.

Defendant was indicted for murder and aggravated assault. She was convicted of voluntary manslaughter and sentenced to serve 20 years. Motion for new trial was denied, and defendant appeals. *Held:*

1. When a homicide is neither justifiable nor malicious, it is manslaughter, and if intentional, it is voluntary manslaughter. *Davis v. State,* 68 Ga. App. 296 (2) (22 SE2d 762); *Spradlin v. State,* 90 Ga. App. 97, 103 (82 SE2d 238); *Gainey v. State,* 132 Ga. App. 870 (1) (209 SE2d 689). There was no evidence here of unintentional killing, or of pointing a pistol at the deceased and accidentally killing him, as was the case in *Corbin v. State,* 211 Ga. 400 (1) (86 SE2d 221). See also *Drake v. State,* 221 Ga. 347, 348 (2) (144 SE2d 519). The court did not err in failing to charge on involuntary manslaughter. *Thomas v. State,* 86 Ga. App. 15 (2), 17 (70 SE2d 539); *Smith v. State,* 218 Ga. 216 (4), 224 (126 SE2d 789); *Parker*

*v. State,* 218 Ga. 654 (3) (129 SE2d 850).

2. Defendant contends the trial court erred in failing to charge the jury on insanity as a defense under Code Ann. §§ 26-702, 26-703. She made no written request for such a charge but contends the evidence required the court to so charge.

The evidence showed that she was subject to epileptic seizures, but there was no testimony that she was having an epileptic seizure at the time of shooting the deceased. Her brother was introduced as a witness in her behalf, but while he at first testified she had an epileptic seizure on the day of the killing, he based this testimony on her kicking, falling out, crying, and highly emotional state *after the shooting.* There was no testimony to the effect that she had a seizure *before or at the time* of the killing. Defendant herself stated that she did not remember what happened, but this is not sufficient to require a charge on insanity. *Massey v. State,* 222 Ga. 143, 147 (149 SE2d 118).

It was shown that defendant had a history of epilepsy, but such persons are responsible for their acts and conduct unless reason is dethroned because of a fit or seizure of epilepsy at the time of such conduct.

Even an insane person is responsible for his conduct during lucid intervals. See *Quattlebaum v. State,* 119 Ga. 433 (6) (46 SE 677). A person subject to epilepsy is presumably lucid at all times except during an attack or seizure of the disease. The evidence here did not require a charge on insanity, and absent a request therefor, no error was committed in failing to so charge.

3. Defendant fails to argue the general grounds by brief, although error is enumerated thereon. These grounds are deemed abandoned. See *Schmid v. State,* 226 Ga. 70 (172 SE2d 616), and cases cited therein; *Rodriguez v. Newby,* 131 Ga. App. 651 (5) (206 SE2d 585); *Martin v. State,* 132 Ga. App. 658 (209 SE2d 103). But, in all events, the evidence was ample to support the verdict. *Bryant v. State,* 230 Ga. 578 (198 SE2d 299); *Griffin v. State,* 230 Ga. 449 (1), 450, 451 (197 SE2d 723); *Geter v. State,* 231 Ga. 615 (203 SE2d 195); *Franklin v. State,* 230 Ga. 291 (2), 293 (196 SE2d 845).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED
MARCH 4, 1975.

*K. Reid Berglund, John Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Joseph J. Drolet, Wallace Speed, Assistant District Attorneys,* for appellee.