## 32988. WALKER v. THE STATE.

HILL, Justice.

Charles Ellison Walker was convicted of murder and sentenced to life imprisonment. He appeals the denial of his motion for new trial on the general grounds and restriction of the cross examination of a state's witness. We affirm.

The evidence for the state showed that the defendant visited the home of his mother, Mrs. Brown, to discuss the fact that the defendant's brother was still in the Houston County jail and had not been released on bond. A heated argument and struggle ensued. The victim, a male friend of the mother, intervened and asked the defendant why he was beating his mother. A fight then developed between the defendant and the victim.

Several witnesses testified that during the fight the victim fell, that the defendant straddled the victim, that the defendant had a gun, and that a shot was fired. No one testified the victim was armed. One witness testified she saw the defendant straddle the victim, pull a pistol from

inside his trousers and shoot the victim. Mrs. Brown testified she heard a shot as she walked toward the kitchen, turned, picked up an ashtray and hit the defendant with it. Another witness testified she grabbed Mrs. Brown, telling her to get out of the way. As she did so, they stumbled and fell. The defendant's gun again discharged, wounding the witness in the foot. The defendant left the premises before police arrived.

The medical examiner testified the cause of death was a bullet wound through the heart. He also stated the victim was heavily intoxicated at the time of death. The fatal shot was fired with the muzzle of the weapon against the victim's clothing.

The defendant elected to testify in his own defense. He admitted taking the gun into his mother's house, but testified the gun went off accidentally during the fight, striking the wall. He further testified that immediately after being hit on the head with something (the ashtray, perhaps), he heard another shot which did not come from his gun and saw the victim fall. He denied he straddled the victim or intentionally pulled the trigger on his gun to shoot anyone.

1. Regarding the general grounds, the defendant argues the evidence shows there was no time to have formed malicious intent to take the life of the deceased. There was testimony by an eyewitness that during the fight when the victim fell the defendant straddled the victim, pulled his pistol and shot the victim. "If malice is in the mind of the slayer at the moment the killing is done, and it moves him to do the killing, no matter how short a time it may have existed, such killing constitutes murder." *Brown v. State,* 190 Ga. 169, 172 (8 SE2d 652) (1940). The fact that the events happened quickly does not alter the sufficiency of the evidence. There was ample evidence to sustain the jury's verdict and this enumeration of error is without merit. *Sheppard v. State,* 235 Ga. 89 (1) (218 SE2d 830) (1975).

2. Defendant contends the trial court erred by improperly limiting the cross examination of a state's witness. The trial court refused to permit counsel to question the witness about the location of the couch in the room where the shooting occurred. The same question had

been asked of the witness and answered more than three times.

It is recognized that the right of cross examination, although thorough and sifting, is not unlimited and its scope necessarily must rest within the discretion of the trial judge. *Gravitt v. State,* 220 Ga. 781 (6) (141 SE2d 893) (1965); *Crowder v. State,* 233 Ga. 789 (6) (213 SE2d 620) (1975). Cross examination need not be permitted to become repetitious as to matters already fully developed on cross examination. *Sims v. State,* 177 Ga. 266 (2) (170 SE 58) (1933); *Thompson v. State,* 166 Ga. 758 (10) (144 SE 301) (1928). The trial judge did not abuse his discretion in so controlling the scope of the cross examination of this witness.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 11, 1977 — DECIDED JANUARY 31, 1978.

*R. Joneal Lee,* for appellant.
*Stephen Pace, Jr., District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.