## 33993. DIXON et al. v. THE STATE.

HALL, Justice.

Elaine Dixon and her son Alton Emory were convicted of the murder of her husband Richard Dixon and were each sentenced to life imprisonment. They appeal from the denial of their motion for a new trial. We affirm.

On the night of the slaying, Elaine and Richard Dixon went with Max and Judy Moss to the Frontier Lounge. Judy Moss and Elaine Dixon are sisters. At the Frontier Lounge, Elaine and Richard quarreled. Elaine then left with her son Alton Emory and returned to the Moss residence where she damaged the victim's car. When Richard returned, he and Alton exchanged threats; Alton and Elaine then chased him away. Elaine and Alton planned to pick up Elaine's car and were walking down the driveway when Richard returned a second time, accompanied by Max Moss. Alton and Richard then fought; Richard suffered a fatal knife wound.

1. Appellants contend that the evidence did not establish guilt beyond a reasonable doubt because the state failed to prove that Alton Emory killed with malice and that Elaine Dixon was connected to the murder at all. Under our standard of appellate review, if any evidence exists to support the jury's determination, then the verdict is affirmed. *Ridley v. State,* 236 Ga. 147 (1) (223 SE2d 131) (1976).

Alton Emory testified in his own behalf and admitted that he struck the fatal blow. The only issue then was whether the homicide was justified because in

self-defense or was mitigated by provocation or mutual combat. The trial court adequately charged the jury on these issues, and they found that the killing was murder. Malice to support a murder conviction can be formed immediately prior to a slaying; the jury is only required to find that malice existed at the time of the slaying and motivated the act. *Walker v. State,* 240 Ga. 608 (242 SE2d 118) (1978). In this case, the jury could imply malice from the use of a deadly weapon and from evidence which showed that Emory and the victim were scuffling and that Emory pulled his knife and escalated the fight. The state also established that Emory was angry with the victim all evening. See *Bryant v. State,* 230 Ga. 578 (198 SE2d 299) (1973).

Sufficient evidence also exists to support the conviction of Elaine Dixon. Evidence established that a quarrel occurred early in the evening between Elaine Dixon and her husband, after which she vandalized his car. The jury could have believed that Elaine participated in the fight between Richard and Alton until Max Moss restrained her. The jury could have also found that while restrained, Elaine shone a powerful flashlight in Richard's eyes when she knew that Alton Emory had pulled his knife.

Although Elaine Dixon did not strike the fatal blow, she is criminally responsible for the murder as a party to the crime. Code Ann. § 26-801 (b). The statute authorizes conviction for a crime if a person "(3) intentionally aids or abets in the commission of the crime; or (4) intentionally advises, encourages, hires, counsels or procures another to commit the crime." Elaine Dixon's actions can be construed as aiding and abetting in the crime or as encouraging the crime. The evidence supports the jury verdict. Moreover, the trial court's charge to the jury on conspiracy expresses the theory of criminal liability contained in Code Ann. § 26-801 (b) (3) and (4) and was not in error. *Scott v. State,* 229 Ga. 541 (1) (192 SE2d 367) (1972).

Enumerations of error 1 and 2 are without merit.

2. Appellants also argue that denial of their motions for separate trials deprived them of the effective assistance of counsel. A motion for separate trials is

addressed to the discretion of the trial court. Code Ann. § 27-2101. We find no abuse of discretion here. Appellants did not advance antagonistic defenses; instead, both chose to testify and presented essentially the same version of events. Only one slaying was involved; and the same witnesses would have testified if two trials had been held. Under these circumstances, appellants can show neither prejudice nor abuse of discretion. *Baker v. State,* 238 Ga. 389 (233 SE2d 347), cert. den., 431 U. S. 970 (1977); *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975).

3. Appellants also urge that reversible error occurred when, after the defendants' case-in-chief, the prosecutor recalled Max Moss as a rebuttal witness and then impeached his testimony with a recorded statement made to the prosecutor the morning after the slaying. Appellants' theory is that the prosecutor could and should have impeached Moss during his initial testimony. They contend that failure to impeach Moss then means that the prosecutor waived his right of impeachment, citing *Adams v. State,* 139 Ga. App. 670 (229 SE2d 142) (1976). The court in *Adams* cites no authority for its position, but we do not reach the issue of its validity because Moss as a rebuttal witness changed his testimony from his statements on direct examination. As a rebuttal witness, he stated unequivocally that Elaine Dixon never went near the combatants during the fatal struggle. This statement differs from his initial testimony which was, "No, I never did see her hit Richard cause I was holding her most of the time *only when she got* . . ." (Emphasis supplied.) Unfortunately, his testimony was interrupted by another question.

The prosecutor called Moss to rebut Elaine Dixon's version of the fight. We find that he was justified in claiming entrapment under Code Ann. § 38-1801, as interpreted in *Wilson v. State,* 235 Ga. 470 (219 SE2d 756) (1975). As pointed out in *Wilson,* full exposure of a witness' previous statements and thorough and sifting cross examination can best aid the jury in reaching its verdict. We follow that policy here.

Appellants also urge that the trial court erred in permitting the prosecutor to impeach several other witnesses. We note that after the prosecutor claimed

entrapment, the trial court listened to the prior recorded statement of the witness out of the presence of the jury and determined whether true inconsistencies between the trial testimony and the recorded statement existed. The court refused to allow the impeachment through prior inconsistent statements of Randy, Jeff and Danny Moss but did allow the impeachment of Max and Judy Moss. We find no error in the rulings of the trial court under the *Wilson* standard.

Enumerations of error 4 and 5 are without merit.

4. Appellants also urge that the trial court committed reversible error when it permitted the introduction of the victim's dying declaration, "She didn't have to do it." Appellants do not dispute the fact that Dixon was clearly aware of his impending death but contend that the statement was too vague and inconclusive to be admissible. The state established that the appellant, Elaine Dixon, was the only woman present when the victim was killed. His failure to use her name does not render his statement inadmissible. Code Ann. § 38-307; *Patterson v. State,* 199 Ga. 773 (1) (35 SE2d 504) (1945); *Odum v. State,* 13 Ga. App. 687 (2) (79 SE 858) (1913).

Enumeration of error 7 is without merit.

5. Appellants urge that since they never put the deceased's character in issue, the trial court erred by permitting the state to introduce evidence of the victim's reputation for peaceableness.

Elaine Dixon testified that the victim became "wild" when he drank and that his behavior when drunk and when sober was like that of "two different people." She also testified that "he's took running spells when he's drinking." Alton reiterated his mother's testimony about the victim's running spells and also stated that "every now and then he'd get mad and bust her [Elaine]." Defense counsel also established from a number of witnesses that Dixon had been drinking heavily that night. This testimony attempts to show the victim's typical behavior when drinking and is an example of proof of character through testimony about conduct reflective of character. The victim's character is intended to be circumstantial evidence of how the victim probably

behaved on the night he was killed. McCormick's Handbook of Evidence, § 186 (2d Ed. 1972). This testimony put the victim's character in issue. The trial court properly allowed the prosecutor to call rebuttal witnesses to establish that the victim had a reputation for peaceableness when drinking. Code Ann. § 38-202; *Crawley v. State,* 137 Ga. 777 (1) (74 SE 537) (1912).

Enumeration of error 3 is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED JANUARY 5, 1979 — REHEARING DENIED JANUARY 30, 1979.

*J. Roger Thompson, Frank J. Petrella,* for appellants.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.