## 34822 JARVIS v. CROSS.

BOWLES, Justice.

Cross was convicted of bribery in 1974. He had admitted the crime but alleged entrapment. His extraordinary motion for new trial was overruled by the trial court. Both these decisions were affirmed by the Court of Appeals in *Cross v. State,* 136 Ga. App. 400 (221 SE2d 615) (1975) and this court denied certiorari. Cross then filed habeas corpus petitions in federal court and relief was denied him both at the district court level and in the Fifth Circuit Court of Appeals.[1] Two weeks later, Cross filed his petition for writ of habeas corpus in the DeKalb Superior Court alleging "newly discovered evidence." He contends that his Sixth Amendment right to call witnesses in his own behalf was abridged in that a

_____

[1]See Cross v. Georgia, 581 F2d 102 (1978).

police officer was instrumental in having a witness, one Blalock, avoid Cross' subpoena and leave the state. Allegedly, Blalock could have corroborated Cross' entrapment theory. The habeas court granted the writ and ordered a new trial.

We reverse.

The trial court applied incorrect law in reaching its decision. The "evidence" in question was not newly discovered. Trial counsel for Cross testified at the habeas hearing and stated that *prior to trial* he had "learned" that the police officer in question "apparently had gotten to him [Blalock] and he had fled." In fact, counsel cross examined the two officers on the stand on this point. In addition, he apparently knew of a witness, already under subpoena, who could have helped substantiate the allegation. Cross' proper remedy at trial was a motion for continuance when he learned of Blalock's absence. See *Murphy v. State,* 132 Ga. App. 654 (209 SE2d 101) (1974). A defendant cannot assert his defenses piecemeal, *Wallace v. Foster,* 206 Ga. 561 (57 SE2d 920) (1950), thus extending indefinitely the appellate process.

Furthermore, even assuming that the police officers encouraged Blalock to avoid testifying and assuming this fact was newly discovered, Blalock's testimony at the habeas hearing added nothing to substantiate Cross' allegation of entrapment. Wrongdoing by state officers is, of course, inexcusable and reprehensible yet the wrongdoing alone will not justify a new trial. As was stated in United States v. Agurs, 427 U. S. 97, 110 (96 SC 2392, 49 LE2d 342) (1975): ". . . if evidence actually has no probative significance at all, no purpose would be served by requiring a new trial simply because an inept prosecutor incorrectly believed he was suppressing a fact that would be vital to the defense. If the suppression of evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor."

*Judgment reversed. All the Justices concur.*

ARGUED MAY 14, 1979 — DECIDED JUNE 20, 1979 — REHEARING DENIED JULY 18, 1979.

M. Randall Peek, District Attorney, C. David Wood, Alton G. Hartley, Assistant District Attorneys, for appellant.
Theordore S. Worozbyt, for appellee.