## 38410. GREEN v. THE STATE.

CLARKE, Justice.

Peter Green was convicted of the murder of Joseph Brannen and sentenced to life in prison. He appeals his conviction on the following grounds: (1) the evidence was insufficient; (2) the court erred in allowing the state to impeach its own witness; (3) the court erred in refusing to let appellant show certain slides; (4) the court erred in not charging involuntary manslaughter; (5) the court erred in not granting appellant's motion for a new trial on the basis of newly discovered evidence. We affirm.

Peter Green and three friends were in the R&J Lounge. Some witnesses testified that the victim, Joseph Brannen, danced with a girl who was with Peter Green. Later, when Peter and his friend went outside, Brannen made a remark to her. Green went to the trunk of the car where his pistol was located, removed the pistol, returned the car keys to the owner of the car, and stood with his arms folded in the area where some people were gambling. Witnesses for the defense said that Brannen had a gun. Witnesses for the state said that he did not. There was conflicting testimony as to what happened next.

In a statement to police, which was read to the jury after a Jackson v. Denno hearing, appellant said that after he took his pistol from the trunk, the victim came across the street where he was standing. Appellant asked the victim what he wanted, and after seeing the victim "coming from the side with something," he pulled his revolver and shot Brannen three times. According to his statement, he picked up a .22 revolver which was lying on the ground by the victim and later threw his own gun away. Appellant told the police that the victim never fired at him, but he fired when he saw something in the victim's hand.

Three defense witnesses testified that the victim had a gun and fired at appellant first. All three testified that Brannen shot at appellant first. State's witness Larry Ledbetter testified that he heard a shot, looked up, and saw appellant fire a second shot at the victim, who was now on the ground. Ledbetter testified that he saw appellant lean over the victim and point a gun at him but that he did not pick anything up from the body or the area around the the body. He also testified that he would have seen appellant remove something from the body had he done so. State witness Lester Brannen testified that he heard three shots, then turned and saw appellant leaning over the victim, pointing a gun at him. He testified that appellant did not pick up anything from the vicinity of the body but that he would have seen him had he done so.

The crime lab determined that the bullet causing the death was a .38 caliber lead bullet. The appellant turned in to police a .22 pistol which he claimed to have removed from the victim. He also turned in three spent shells from a .38, which he claimed were from the bullets he fired at the victim.

1. We find that there was sufficient evidence for a rational finder of fact to have found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Green complains that the court allowed the state to impeach Larry Ledbetter, who had been called as a witness by the state. He also assigns error to the court's ruling allowing the use of Ledbetter's prior inconsistent statement as evidence probative of guilt.

Both of these issues have been addressed recently by this court. Code Ann. § 38-1801 provides that a party may not impeach a witness voluntarily called by him except when he can show to the court that he has been entrapped by the witness by a previous contradictory statement. In *Davis v. State,* 249 Ga. 309 (290 SE2d 273) (1982), we held, "If, at the time of the questioning, a party has knowledge of a prior statement by one of his witnesses which contradicts testimony that witness has just given, that party has been sufficiently entrapped so that he may impeach his witness by use of the prior inconsistent statement." We dealt with the question of use of a prior contradictory statement as substantive evidence of guilt in *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982), where we held that "a prior inconsistent statement of a witness who takes the stand and is subject to cross examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." The issues raised by Green respecting impeachment of Ledbetter and the use of his prior statement are controlled by *Davis* and *Gibbons.*

3. Appellant's contention that the court erred in refusing to admit into evidence photographs or slides showing the flash made when a gun is fired is without merit. The court ruled that slides were not admissible in the absence of a showing that they were photographs of a flash from a gun comparable to that which appellant claims was fired by the victim. The court did not abuse its discretion in so ruling.

4. The court's refusal to charge involuntary manslaughter under Code Ann. § 26-1103 was not error. Appellant contends that he was entitled to a charge of involuntary manslaughter, the "lawful act" being self-defense and the "unlawful manner" being a use of unnecessary force. Appellant asks us to depart from our holding in *Crawford v. State,* 245 Ga. 89, 94 (263 SE2d 131) (1980), that "[a]

person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful." We have very recently declined to depart from our holding in *Crawford* in *Donaldson v. State,* 249 Ga. 186 (289 SE2d 242) (1982). We reaffirm our position as stated in *Crawford* and *Donaldson,* supra. Further, both § 26-1103 (a) and (b) are limited to situations where there is no intent to cause death. Since appellant contends that he shot in self-defense and concedes that there was no accident involved, he does not show an absence of intent. Consequently, there was no error in the court's refusal to charge involuntary manslaughter.

5. In his final enumeration of error, the appellant asserts that the court erred in denying his motion for a new trial. He sought a new trial on the basis of newly discovered evidence in the form of testimony of a witness whose testimony was known to appellant at the time of trial. According to appellant the witness was subpoenaed, but was out of town during the trial. Without reaching the question whether the appellant has satisfied the requirements of *Bell v. State,* 227 Ga. 800 (183 SE2d 357) (1971), for the granting of a new trial, we find that the appellant's remedy in the face of inability to produce a witness was to seek a continuance. *Jarvis v. Cross,* 244 Ga. 61 (257 SE2d 510) (1979), cert. denied, 444 U. S. 981 (1980). The trial court did not err in denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1982 —
REHEARING DENIED MAY 18, 1982.

*Stephen H. Harris,* for appellant.
*Spencer Lawton, District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.