249 Ga. 728 (1982)
292 S.E.2d 836
WASHINGTON
v.
THE STATE.
38591.
Supreme Court of Georgia.
Decided July 8, 1982.
Rehearing Denied July 28, 1982.
Calhoun, Hubbard, Riddle & Cox, William O. Cox, for appellant.
Spencer Lawton, District Attorney, Kathy Aldridge, David T. Lock, Assistant District Attorneys, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General, for appellee.
CLARKE, Justice.
George Washington was tried and convicted of the murder of Alexander Walker. He was sentenced to life imprisonment and now appeals. Reversal is sought on the grounds that the trial court erred in failing to give requested charges on accident, involuntary manslaughter, and voluntary manslaughter.
The evidence showed that Washington and the victim had known each other for some time. Washington's son was married to the victim's sister. A few days before the shooting in this case, Washington's son had been severely cut in the neck by the victim during an altercation over a cooler.
Washington stated that he had been to visit his son in the hospital on the day of the shooting. His son informed him that he had signed a warrant against Walker who had been arrested but was out on bond pending a court hearing. The son also told Washington that he had learned that Walker had been making threats against him.
After leaving the hospital Washington went to his mother's home. Walker was at a house across the street with some friends. According to Washington, Walker began cursing at him and telling him what he was going to do to his son if the charges against him were not dropped. Washington then went to his home in his parents' car. He picked up his wife, put his shotgun in the car and returned to his mother's home. He stated that his car had broken down, that he took his gun out of his car and put it in his parents' car because he generally kept the gun in the car with him.
Upon returning to his mother's house, he and his wife went inside to visit; the shotgun was left in the car. Walker was outside across the street and Washington testified that he could hear him still yelling and cursing about his son. Washington then went outside also. State's witnesses testified that Washington was yelling back at Walker. At some point Walker went inside the house and Washington *729 got the shotgun out of the car. Washington stated that he was afraid Walker went inside to get a gun. There was no evidence at trial that Walker in fact had a gun. When Walker came back to the door Washington went behind a tree, raised the shotgun and fired once, fatally wounding Walker. Washington left in the car and went home and called the police who took him into custody. He gave a statement basically covering these facts.
1. At trial Washington's main defense was justification which was charged by the trial court. The state contends that we need not address the enumerations of error on the court's failure to charge the lesser included offenses because the requests were not in the proper form even though they were made in writing. The written request to charge included sections of the Georgia Code which define voluntary and involuntary manslaughter. We hold the request was sufficient here to raise the issues. Prior to State v. Stonaker, 236 Ga. 1 (222 SE2d 354) (1976), one convicted of a crime could raise the failure to charge a lesser included offense even though no request to charge was made. Stonaker set forth procedural rules requiring the defendant to request a lesser offense be charged; the policy was to ensure orderly trials and to prevent the defense from foregoing a request, hoping for complete acquittal and then, in the event of conviction, to obtain a new trial on the basis that the evidence would have supported a charge on a lesser included offense. Here, the defense made the choice to request the lesser included offense. This request was made in writing and the record does not reflect that the state made any objection to the form of the request. We also note that some of defendant's other requests, made in the same form, were in fact given by the court. This is not a case where the requested principles were given in another form in the charge as a whole. A written request to charge on Code Ann. § 26-1102 and Code Ann. § 26-1103 (a), (b) is sufficient in a murder case to give notice to the court and all parties as to the nature of the request.
We now turn to the merits on the failure to give the requested charges.
2. There is no merit to appellant's contention that the court erred in failing to charge on accident and involuntary manslaughter. Washington's version of the shooting in his statement to the police and at trial is that he raised the gun and shot at the victim in the doorway. Even though he also testified that he did not mean to kill the victim, Code Ann. § 26-1103 does not apply when there is an intentional shooting. Crawford v. State, 245 Ga. 89 (263 SE2d 131) (1980). There is no evidence that the killing was the result of an unlawful act other than a felony, see Code Ann. § 26-1103 (a); nor may one who testifies he was firing in self-defense claim the death was the *730 result of a lawful act carried out in an unlawful manner. Green v. State, 249 Ga. 369 (290 SE2d 466) (1982); Crawford v. State, supra.
Appellant contends that the above rulings do not apply because there was evidence the shooting was accidental. We do not find that the evidence supports this contention. The appellant conceded that he shot at the victim in all of his statements. There was testimony from appellant's mother that she was trying to get him away from the scene and that she was pulling on him when the gun discharged. However, there was no evidence that her interference caused the gun to go off. Since there was no evidence to support a theory of accidental discharge of the gun, a charge on Code Ann. § 26-1103 (a) or (b) was not authorized.
3. The appellant also argues that the court committed error by refusing to give the requested charge on voluntary manslaughter. He relies on the laws as expressed in Gresham v. State, 216 Ga. 106 (115 SE2d 191) (1960), that in a murder trial if there is some slight evidence of voluntary manslaughter, failure to so charge requires reversal of the conviction. While State v. Stonaker, supra, requires a written request at the trial level to raise the issue on appeal, we have recently reaffirmed the proposition that only slight evidence is required to entitle a defendant to a voluntary manslaughter charge in State v. Clay, 249 Ga. 250 (290 SE2d 84) (1982). We agree with the appellant that there was slight evidence to support his request to charge.
The fact that a defendant in a murder trial relies on self-defense will not preclude a charge on the lesser included crime of voluntary manslaughter. See Harrison v. State, 236 Ga. 355 (223 SE2d 715) (1976). "When a homicide is neither justifiable nor malicious, it is manslaughter, and if intentional, it is voluntary manslaughter." Starr v. State, 134 Ga. App. 149 (213 SE2d 531) (1975). Evidence of voluntary manslaughter may be found in "a situation which arouses sudden passion in the person killing so that, rather than defending himself, he wilfully kills the attacker, albeit without malice aforethought, when it was not necessary for him to do so in order to protect himself." Williams v. State, 232 Ga. 203, 204 (206 SE2d 37) (1974). While a belief that the victim was about to reach for a weapon may not result in a finding of justification, the fear of some danger can be sufficient provocation to excite passion. White v. State, 129 Ga. App. 353 (199 SE2d 624) (1973).
The state contends that the only provocation in the case is that the victim had critically injured appellant's son and that a sufficient cooling period had intervened. We do not agree that the prior attack on the son was the sole provocation. There was evidence that at the time of the shooting the victim was continuing to make threats and *731 taunts against the life of appellant's son. While words and threats alone are generally not sufficient provocation, the issue of whether a reasonable person acts as the result of an irresistible passion may be raised by words which are connected to provocative conduct by the victim. Brooks v. State, 249 Ga. 583 (292 SE2d 694) (1982).
In the present case there was evidence of arguing and threats by both the victim and the appellant. Evidence of the violent character of the victim was admitted and charged on by the trial court. The appellant testified that he was upset about his son and that he believed the victim had a gun. Under all of the circumstances the failure to charge voluntary manslaughter upon request was error, and the conviction must therefore be reversed. See Henderson v. State, 234 Ga. 827 (218 SE2d 612) (1975); Banks v. State, 227 Ga. 578 (182 SE2d 106) (1971).
Judgment reversed. All the Justices concur, except Jordan, C. J., and Smith, J., who dissent to Division 3 and the judgment.