65820. HASHEMY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was charged by uniform traffic citation, summons and accusation with the traffic offense of violating the state law, Section 68A-602 (Ga. L. 1974, pp. 633, 663) (now OCGA § 40-6-121) in that she made an improper U-turn on a street within the city limits of Atlanta, Georgia. The particular statute in question provides that U-turns are prohibited where such turn cannot be made in safety and without interfering with other traffic; upon any curve; or upon the approach to or near the crest of a grade where the vehicle cannot be seen by the driver of another vehicle approaching from either direction. She was convicted and fined $25 in the Magistrate's Division of the State Court of Fulton County, Georgia. She appeals, admitting that she made the U-turn but that there was no sign on the street indicating that she was prohibited from making a U-turn. *Held:*

1. There is no transcript of the record here. However, the defendant executed a narrative account of the trial which the trial judge signed as a close approximation of the conducted hearing. Since that time the trial judge has filed, pursuant to OCGA § 5-6-41 (f) (formerly Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24)), a supplemental record because the original narrative failed to contain all pertinent testimony of the trial. Therein it was disclosed that the officer who made the arrest and issued the citation observed the defendant making an improper U-turn on a street in the City of Atlanta on the date in question. All other issues raised by defendant have no bearing upon the case. The defendant has admitted that she made the U-turn contending in defense that there was no sign on the

street indicating that she should not have made a U-turn. The totality of the evidence is such that a rational trier of fact could have found proof of defendant's guilt beyond a reasonable doubt regardless of the defendant's contention that there was no sign indicating she could not make a U-turn. See *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). Our examination of the record causes us to agree and there is no merit in this complaint. See *Green v. State,* 249 Ga. 369, 370 (1) (290 SE2d 466); *Conyers v. State,* 249 Ga. 438, 440 (1) (291 SE2d 709).

2. The thrust of defendant's second enumeration of error is that the trial judge, sitting as the trier of fact did not believe her defense. As it is well settled in this state that the credibility of the witnesses is a matter for the trier of the facts, it appears the trial judge believed the officer's testimony that an improper U-turn had been made. We find no merit in this complaint. See OCGA § 24-9-80 (formerly Code § 38-1805); *Simmons v. State,* 111 Ga. App. 553, 554 (1) (2) (142 SE2d 308).

We find no reversible error here.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 23, 1983.

Sedigheh Hashemy, *pro se.*

*James L. Webb, Solicitor, Deborah S. Greene, Assistant Solicitor, Michael J. Bowers, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.