## 40966. WASHINGTON v. THE STATE.
### (318 SE2d 55)

SMITH, Justice.

Appellant was tried before a Chatham County jury for murder. He was convicted and sentenced to life imprisonment. On direct appeal we overturned his conviction on the basis of the failure of the trial court to charge the jury on voluntary manslaughter. *Washington v. State*, 249 Ga. 728 (292 SE2d 836) (1982). Washington was retried and was again convicted and sentenced to life imprisonment. On appeal, he raises three enumerations of error. We affirm.

The facts of the case, as adopted by the parties, may be found at *Washington v. State*, supra.

1. The evidence presented at trial authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crime as charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims that the trial court erred in removing a juror, Lee Chapman, for cause after the jury panel had been selected. Twelve jurors and one alternate were chosen to serve, then sent to lunch. Upon returning from lunch, one juror, Chapman, notified the court that he had realized since voir dire that he was acquainted with the appellant and his family. He testified that this would not affect his judgment. Later, under questioning by the district attorney, he admitted that the potential of bias worried him and that he felt he should be replaced. He was replaced by the alternate.

OCGA § 15-12-167 provides that after jury selection, "newly discovered evidence to disprove the juror's answer or to show him incompetent may be heard by the judge at any time before the prosecuting counsel submits any of his evidence in the case." If the evidence renders the juror incompetent, "[the] judge shall order him to withdraw

from the jury and shall cause another juror to be selected." The determination of whether to strike a juror for cause lies in the discretion of the trial court. *Taylor v. State*, 243 Ga. 222, 224 (253 SE2d 191) (1979). We find that there is evidence to support the trial judge's decision and that he did not abuse his discretion.

3. Appellant claims that reference to his wife as "the white woman" during trial prejudiced the jury such that the court should have granted a mistrial. When witness Loretta Blidge referred to the appellant's wife as "the white woman," appellant objected. The trial court stated that it "[could not] presume that the jury would be prejudiced by such a statement," but asked the district attorney and the witness to refrain from such references in the future. Later witness Mayetta Walker called appellant's wife "the white girl." Appellant again objected. The court asked the district attorney to notify all subsequent witnesses to avoid using the phrase and again refused to grant a mistrial.

We have held that the determination of whether statements such as this warrant a mistrial lies in the discretion of the trial court. *Sabel v. State*, 250 Ga. 640, 644 (300 SE2d 663) (1983). We find no abuse of discretion.

4. Appellant finally contends that the trial court erred in allowing the transcript of the previous testimony of Larry Simpson into evidence. Simpson testified in appellant's first trial. On December 29, 1982, the deputy sheriff received a subpoena to serve on Simpson for the second trial which was to begin on January 11, 1983. He attempted to find Simpson twice before the New Year's holiday. He found that the residents of the address given for Simpson on the subpoena were relatives of Simpson. They had asked him to leave months before, and had not seen him since. The deputy sheriff then checked the cross-reference book and the phone book. Having no success, he returned the subpoena to the district attorney on January 5 or January 6. The district attorney then had some of Simpson's friends, who were also witnesses, search for him. They could not find him. Subsequently, the district attorney offered into evidence, and the court accepted, over appellant's objection, the prior testimony of Larry Simpson.

A transcript of testimony in a previous trial may be introduced in a subsequent trial where the issues and parties are substantially the same and the original witness is inaccessible. OCGA § 24-3-10. To establish inaccessibility, the party introducing the transcript must show a diligent search for the witness and an inability to bring the witness to court. *Jones v. State*, 250 Ga. 166, 168 (296 SE2d 598) (1982). The determination of inaccessibility of the witness lies in the discretion of the trial court. *Jones*, supra.

Here, where the issues, parties, and attorneys in the first trial

were identical, the judge did not abuse his discretion in allowing the transcript of the previous trial to be used in the second trial.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 1984.

*William F. Braziel, Jr.,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.