## 68910. DANIELS v. THE STATE.
### (323 SE2d 229)

SOGNIER, Judge.

Daniels appeals her conviction of voluntary manslaughter.

1. Appellant first enumerates error on the general grounds, contending the evidence shows she acted solely in self-defense. The evidence disclosed that appellant and her husband, Johnny, had a stormy relationship. Johnny frequently abused appellant physically, usually when he was drinking. On the day of Johnny's death, appellant and Johnny borrowed money to go on vacation; appellant picked up the check and returned home to find that Johnny had been drinking. He verbally abused appellant for not cashing the check, and appellant took a pistol from her purse to keep Johnny away from her. The argument continued and as appellant was leaving to go to church, Johnny jumped up and grabbed appellant around the neck. Appellant was still carrying her pistol and shot Johnny at least twice, resulting in his death. Although appellant immediately notified the sheriff and the emergency medical service, Johnny was already dead.

The only witness to the shooting was appellant, who testified that she was afraid of Johnny and only shot him in self-defense. Johnny had broken her nose during one of their previous altercations, and on the night of his death, Johnny told appellant that when she returned from church, he would not be empty-handed.

Although appellant was the only eyewitness who testified at trial, the jury was not required to believe her self-defense testimony. *Jenkins v. State*, 241 Ga. 212 (244 SE2d 868) (1978). The State presented evidence that on prior occasions appellant had burned her husband on the side of his face with an iron; she had pointed a pistol at him and told him if he came back up on the porch she would shoot him; and on another occasion after arguing with her husband, appellant threatened to shoot him.

Appellant had been seriously provoked by her husband's verbal abuse, threats, grabbing her around the neck, and the killing was the result of a heated family disturbance. Based on such evidence the jury was authorized to conclude that appellant acted in the heat of passion arising from her husband's serious provocation. *Green v. State*, 152 Ga. App. 387, 388 (1) (262 SE2d 639) (1979). Thus, we find the evidence sufficient to meet the standard of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by charging the jury on the offense of voluntary manslaughter when neither party re-

quested such a charge and there was no evidence to support it. For the reasons set forth in Division 1, the charge on voluntary manslaughter was warranted. *Green*, supra. On the trial of a murder case if there is any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, an instruction as to the law of both offenses should be given to the jury. *Banks v. State*, 227 Ga. 578, 580 (1) (182 SE2d 106) (1971); *Henderson v. State*, 234 Ga. 827, 832 (2) (218 SE2d 612) (1975).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 4, 1984.

*Larry B. Mims, Emerson D. Henderson*, for appellant.
*David E. Perry, District Attorney, Robert C. Wilmot, Assistant District Attorney*, for appellee.