69927. SYMS v. THE STATE.

(332 SE2d 689)

BEASLEY, Judge.

Syms appeals from a conviction of voluntary manslaughter.

1. Syms contends that the trial court erred in overruling his motion for new trial on the basis that the verdict was contrary to law and lacked sufficiency of evidence.

Appellant was dating the ex-wife of the deceased, Elton Mobley. Syms felt that Mobley was upset and was harassing him because of this. On March 7, 1981, he went to the apartment where Mobley was staying to talk about his relationship with the victim's former wife and after some discussion, the victim pushed Syms into a chair, sat down on the couch, and proceeded to play with a pistol by continually clicking the safety catch on and off. It was later discovered that the .357 magnum was loaded and that Mobley had consumed methaqualone and cocaine. The discussion about the former Mrs. Mobley continued. The victim pointed the gun at Syms and made threats to blow away parts of Syms' body until he revealed where the ex-wife was. When Mobley glanced away, Syms shot him twice with a gun which appellant testified he had spied lodged between the cushion and arm of the chair in which he was sitting. He then left the scene. Defendant testified he was afraid of Mobley due to his lifestyle and his reputation of being a good shot.

"A person commits the offense of voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder. . . ." Code Ann. § 26-1102 (in force at the time of incident; now OCGA § 16-5-2 which became effective November 1, 1982). "When a

homicide is neither justifiable nor malicious, it is manslaughter, and if intentional, it is voluntary manslaughter." *Starr v. State*, 134 Ga. App. 149 (213 SE2d 531) (1975).

Syms maintains that the evidence shows he shot Mobley in self-defense, but the evidence does not require such a finding. The distinguishing characteristic between voluntary manslaughter and justifiable homicide is that the accused was so influenced and excited that he reacted passionately rather than simply to defend himself. *Gregg v. State*, 233 Ga. 117, 121 (210 SE2d 659) (1974), aff'd, 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976). Circumstances necessary to show voluntary manslaughter, as opposed to justifiable homicide, relate to a situation which arouses sudden passion in the person killing so that, rather than defending himself, he wilfully kills the attacker, albeit without malice aforethought, when it was not necessary for him to do so in order to protect himself. *Williams v. State*, 232 Ga. 203, 204 (206 SE2d 37) (1974), overruled on other grounds, *Jackson v. State*, 239 Ga. 40 (235 SE2d 477) (1977).

In the instant case, any reaction indicating fear on the part of appellant because of the victim's menacing words, physical aggression by pushing, and gestures with the pistol do not require the finding that Syms acted out of self-defense. The fear of some danger can be sufficient provocation to excite the passion necessary for voluntary manslaughter. See *White v. State*, 129 Ga. App. 353, 354 (199 SE2d 624) (1973). "While words and threats alone are generally not sufficient provocation, the issue of whether a reasonable person acts as the result of an irresistible passion may be raised by words which are connected to provocative conduct by the victim." *Washington v. State*, 249 Ga. 728, 731 (292 SE2d 836) (1982).

Although there is evidence that the victim's roommate overheard some of the shooting episode, appellant was the only eyewitness. Despite this, the jury was not required to believe his self-defense testimony. *Jenkins v. State*, 241 Ga. 212 (244 SE2d 868) (1978); *Daniels v. State*, 172 Ga. App. 315 (323 SE2d 229) (1984).

The evidence adduced in the trial of the instant case would authorize a rational trier of fact to find the elements of voluntary manslaughter, and the absence of self-defense, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); *Daniels v. State*, supra. What prompted defendant to shoot was the primary issue. The evidence was in dispute as to whether he acted out of passion or justifiable self-defense, and there was sufficient evidence of the former to support the jury's verdict.

2. Appellant further contends that the trial court erred in "instructing the jury that provocation by words, threats, menaces or contemptuous gestures shall in no case be sufficient to free that person killing from the crime of murder," and that taken as a whole, this was

confusing to the jury. We think not.

The objected-to sentence was part of the court's instruction regarding the offense of voluntary manslaughter. Though appellant submitted several requests to charge regarding self-defense, he made no request to charge the specific principle that "words, threats and menaces may in some circumstances, be sufficient to arouse in the mind of the person to whom they are directed, a reasonable fear that his life is in immediate danger, or that a felony is about to be committed on his person." *Moore v. State*, 228 Ga. 662, 663 (1) (187 SE2d 277) (1972). Moreover, such principle would not be crucial or determinative in appellant's defense as Syms testified to some aggressive physical contact, i.e., that the victim shoved him into the chair. In that portion of the charge regarding self-defense, the court properly instructed the jury on the statutory principles of use of force in defense of self, including justifiable homicide. Code Ann. § 26-902 (then in force; now OCGA § 16-3-21).

As to the claim of "confusion," the court made it quite plain that the defendant was not charged with murder. Inclusion of a reference to murder would not be improper inasmuch as the crime of murder is by statute part of the explanation of what constitutes voluntary manslaughter. Code Ann. § 26-1102 (OCGA § 16-5-2). It was a portion of former 1933 Code § 26-1007, and has been interpreted to mean that provocation by words alone is insufficient to reduce a homicide from murder to voluntary manslaughter. While the rule in the Code of 1933 was not made an express provision of Code Ann. § 26-1102, which applied at the time of this incident, it remained a part of the law of voluntary manslaughter. *Aguilar v. State*, 240 Ga. 830, 833 (242 SE2d 620) (1978); *Brooks v. State*, 249 Ga. 583, 585, 586 (292 SE2d 694) (1982). It was not a statement of the law of self-defense, and the trial court here did not give it as part of the law of self-defense but did instruct on self-defense separately and fully.

Examined from the standpoints of both commission and omission, the trial court's charge was not in error as contended by appellant.

Thus, upon a consideration of all, no new trial was required, and the court did not err in denying one.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 20, 1985.

*W. David Sims*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant*

*District Attorney*, for appellee.