A91A1296. BORDERS v. THE STATE.
(412 SE2d 284)

COOPER, Judge.

Appellant was convicted by a jury of two counts of voluntary manslaughter and appeals from the denial of his motion for new trial. Appellant raises as his sole enumeration the insufficiency of the evidence to support the conviction.

"On appeal of a criminal conviction, the evidence is to be viewed 'in the light most favorable to the prosecution' (i.e., in the light most favorable to the jury's determination that the defendant is guilty), not in the light most favorable to the defendant." *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860) (1986). Viewed in a light most favorable to the verdict, the evidence is as follows: Andrew and Melvin Bush, brothers, were outside their mother's apartment, near their car. A car driven by appellant then entered the apartment complex and passed the Bush brothers. Appellant drove his car around a circle in the complex and again passed the Bush brothers on the way out of the complex. At that point, there were words spoken between the Bush brothers and appellant, although the witnesses gave varying accounts of the exact language used. In any event, after the exchange, the Bushes got in their car, sped up to appellant's car, passed it and cut in front of it. Both cars then stopped, and the passenger in the Bushes' car, identified by a witness as Melvin Bush, got out of the car, walked up close to appellant's car and was shot three times. A witness testified that the passenger did not put his hands into appellant's car. After the shooting, appellant began to drive off when the driver of the Bushes' car, identified by a witness as Andrew Bush, got

out of the car and walked toward appellant's car but did not reach the car. Andrew was then shot once, and appellant's car drove off. Both Bush brothers died from gunshot wounds to the chest. A witness testified that neither victim ever put his hands in his pockets nor inside his pants or shirt, and that, as far as the witness could observe, neither victim had anything in his hands. Appellant later turned himself in to the police and gave a statement, in which he admitted shooting the Bushes but claimed that it was in self-defense. Appellant stated that Melvin tried to hit him through the window of the car, and as he was blocking Melvin's punches, he shot Melvin. Then, appellant stated that Andrew approached his car and raised his arm. Thinking Andrew had a gun, appellant shot Andrew. Appellant said that the Bushes had been threatening him for a while over a woman that appellant and Andrew had dated, and appellant had heard that Andrew had a gun and had said that he was going to get appellant. No weapons were found on either victim or in their car; however, blood tests did reveal the presence of cocaine in their systems. The woman who had dated both appellant and Andrew Bush testified at trial that several weeks before the shooting, appellant called her and told her to tell Andrew to meet him at a certain location because appellant was going to kill Andrew. Also, an acquaintance of both appellant and the Bushes testified that appellant told him that appellant was going to get back at Andrew if he continued to go out with the woman and if Melvin got in the way he would get Melvin also. Appellant showed this acquaintance a gun similar to the gun used to kill the Bushes. After appellant gave his statement to the police, a revolver was recovered from appellant's brother's truck, and tests showed that the bullets that killed the Bushes were fired from this gun.

" 'A person commits the offense of voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder . . . .' [OCGA § 16-5-2] 'When a homicide is neither justifiable nor malicious, it is manslaughter, and if intentional, it is voluntary manslaughter.' [Cit.]" *Syms v. State*, 175 Ga. App. 179 (1) (332 SE2d 689) (1985). Appellant contends that the state did not prove the absence of self-defense beyond a reasonable doubt. See *State v. Shepperd*, 253 Ga. 321 (320 SE2d 154) (1984). Despite appellant's own statement and the evidence of cocaine in the victims' systems, the jury was not

required to believe appellant's claim of self-defense. See *Daniels v. State*, 172 Ga. App. 315 (1) (323 SE2d 229) (1984). "The evidence adduced in the trial of the instant case would authorize a rational trier of fact to find the elements of voluntary manslaughter, and the absence of self-defense, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); [cit.]" *Syms*, supra at 180. Accordingly, the court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 5, 1991.

*Albert M. Pearson III*, for appellant.

*Harry N. Gordon, District Attorney, Steve C. Jones, Assistant District Attorney*, for appellee.